1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

BRENDA L. NIEMI,

7
                                    Plaintiff,

8         v.

9    CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

10
11                                  Defendant.

Case No. 3:15-cv-05658-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12

13          Plaintiff has brought this matter for judicial review of defendant's denial of her

14   application for supplemental security income (SSI) benefits. The parties have consented to have

15   this matter heard by the undersigned Magistrate Judge.[1] For the reasons set forth below, the

16   Court finds that defendant's decision to deny benefits should be reversed and that this matter

17   should be remanded for further administrative proceedings.

18                      FACTUAL AND PROCEDURAL HISTORY

19          On March 14, 2012, plaintiff applied for SSI benefits alleging she became disabled

20   beginning November 1, 2008.[2] Her application was denied on initial administrative review and

21   on reconsideration.[3] At a hearing held before an Administrative Law Judge (ALJ) plaintiff

22

23   appeared and testified, as did a vocational expert.[4] At the hearing, plaintiff amended her alleged

24

25   [1] 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.

26   [2] Dkt. 9, Administrative Record (AR), 16.

     [3] *Id.*

     [4] AR 34-79.

ORDER - 1

onset date of disability to March 14, 2012.[5]

In a written decision, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled.[6] The Appeals Council denied plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner, which plaintiff appealed to this Court.[7]

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1)    in evaluating the medical evidence in the record, including the opinion of Kathleen Mayers, Ph.D.;

(2)    in discounting plaintiff's credibility;

(3)    in assessing plaintiff's residual functional capacity (RFC); and

(4)    in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating Dr. Mayers' opinion, and thus in assessing plaintiff's RFC and in finding she could perform other jobs. As such, remand for further administrative proceedings is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[8] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and

---

[5] AR 16, 38.

[6] AR 16-29.

[7] AR 6; 20 C.F.R. § 416.1481; Dkt. 3.

[8] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

ORDER - 2

making the decision."[9] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[11]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[12] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[13] That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[14]

I.      The ALJ's Evaluation of Dr. Mayers' Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.[15] Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]."[16] In such situations, "the ALJ's conclusion must be upheld."[17] Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility."[18]

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

---

[9] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

[10] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[11] *Batson*, 359 F.3d at 1193.

[12] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[13] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[14] *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[15] *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

[16] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

[17] *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

[18] *Id.* at 603.

ORDER - 3

"must be supported by specific, cogent reasons."[19] The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."[20] The ALJ also may draw inferences "logically flowing from the evidence."[21] Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."[22]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.[23] Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."[24] However, the ALJ "need not discuss *all* evidence presented" to him or her.[25] The ALJ must only explain why "significant probative evidence has been rejected."[26]

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.[27] On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."[28] An examining physician's opinion is "entitled to

---

[19] *Reddick*, 157 F.3d at 725.

[20] *Id.*

[21] *Sample*, 694 F.2d at 642.

[22] *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

[23] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

[24] *Id.* at 830-31.

[25] *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).

[26] *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

[27] *See Lester*, 81 F.3d at 830.

[28] *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

ORDER - 4

greater weight than the opinion of a nonexamining physician."[29] A non-examining physician's

opinion may constitute substantial evidence if "it is consistent with other independent evidence

in the record."[30]

Based on a psychological evaluation Dr. Mayers performed, she opined that plaintiff's

"ability to adapt to a work-like setting is decreased by her medical and emotional difficulties."

Dr. Mayers further opined that if plaintiff's "medical problems did not interfere," and if plaintiff

could "control her panic episodes with medication or treatment procedures, she probably could

maintain attention and concentration through a normal eight-hour workday, and probably would

be able to tolerate changes in a competitive work setting."[31] In discussing Dr. Mayers' opinion,

the ALJ stated she gave "great weight" to her conclusion that Plaintiff could "maintain attention

and concentration through a normal eight-hour workday" and "tolerate changes in a competitive

work environment."[32]

Plaintiff argues the ALJ erred in failing to acknowledge Dr. Mayers' qualification that

her ability to adapt would be decreased by her medical and emotional difficulties, as well as the

contingent nature of Dr. Mayers' conclusion that plaintiff could maintain attention and probably

tolerate work changes if she could control her panic episodes with treatment. The Court agrees.

Defendant argues these are equivocal statements, and that to the extent they do not describe

specific work-related functional limitations, they are not significant probative evidence the ALJ

was required to discuss. But Dr. Mayers' statements, although perhaps not as definitive as they

could be, clearly indicate she felt plaintiff's abilities in the area of attention, concentration and

---

[29] *Lester*, 81 F.3d at 830-31.

[30] *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

[31] AR 764.

[32] AR 25.

ORDER - 5

adaptation may be significantly more limited than the ALJ described. The ALJ thus should have

addressed those limitations. Her failure to do so constitutes reversible error.

II.      The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine

whether a claimant is disabled.[33] If the claimant is found disabled or not disabled at any

particular step thereof, the disability determination is made at that step, and the sequential

evaluation process ends.[34]A claimant's RFC assessment is used at step four of the process to

determine whether he or she can do his or her past relevant work, and at step five to determine

whether he or she can do other work.[35] It is what the claimant "can still do despite his or her

limitations."[36]

A claimant's RFC is the maximum amount of work the claimant is able to perform based

on all of the relevant evidence in the record.[37] However, an inability to work must result from the

claimant's "physical or mental impairment(s)."[38] Thus, the ALJ must consider only those

limitations and restrictions "attributable to medically determinable impairments."[39] In assessing a

claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical or other evidence."[40]

In assessing plaintiff's mental RFC, the ALJ found:

---

[33] 20 C.F.R. § 416.920.

[34] *See id.*

[35] SSR 96-8p, 1996 WL 374184 *2.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at *7.

ORDER - 6

**She is limited to unskilled work with simple repetitive tasks; rare changes in the work setting; rare judgment or decision making; no interaction with the general public as part of job duties; and only occasional, superficial interaction with coworkers. She should do work dealing with things rather than people. She would be off-task up to 10% of the day.**[41]

But because as discussed above the ALJ failed to properly address the full extent of Dr. Mayers' opined limitations, the ALJ's mental RFC assessment cannot be said to be completely accurate or supported by substantial evidence.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.[42] The ALJ can do this through the testimony of a vocational expert.[43] An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert.[44] The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence.[45] Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record."[46]

The ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony at the second hearing offered in response to a hypothetical question concerning an individual with the same age, education,

---

[41] AR 20 (emphasis in original).

[42] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[43] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

[44] *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

[45] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

[46] *Id.* (citations omitted).

ORDER - 7

work experience and RFC as plaintiff.[47] But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert, and thus that expert's testimony and the ALJ's reliance thereon, cannot be said to be supported by substantial evidence or free of error.

IV.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[48] Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[49] Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate."[50]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[51] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[52]

Because issues remain as to the medical opinion evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further

---

[47] AR 28-29.

[48] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[49] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

[50] *Id.*

[51] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

[52] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

ORDER - 8

consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 16th day of June, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9