1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

BRENDA L. NIEMI,

7                                    Plaintiff,

8        v.

9    CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

10

11                                   Defendant.

Case No. 3:15-cv-05658-KLS

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES,
EXPENSES, AND COSTS PURSUANT
TO 28 U.S.C. § 2412

12
13
14

        This matter is before the Court on plaintiff's filing of a motion for attorney fees,

15

expenses, and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt.

16

19. Plaintiff seeks a total of $8,983.94 in attorney fees and $5.70 in expenses. Dkt. 23, p. 6. For

17

the reasons set forth below, the Court finds that plaintiff's motion should be granted, but that the

18

amount of attorney fees requested should be reduced to a total of $7,833.74.

19
20

        Plaintiff sought judicial review of the denial of her application for supplemental security

income benefits, requesting that the ALJ's decision that she was not disabled be reversed and

21
22

remanded for further administrative proceedings. The Court reversed and remanded that

23

decision, finding the ALJ erred in evaluating the medical evidence in the record, and therefore in

24

assessing plaintiff's residual functional capacity and her ability to perform other jobs existing in

25

significant numbers in the national economy. Dkt. 16.

26

        The EAJA provides:

ORDER - 1

1

2

3

4

5

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

6

7

8

9

10

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

11

12

13

14

15

16

17

18

19

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). [1] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* There is no issue as to whether plaintiff is a prevailing party given that as discussed above, this case was remanded for further administrative proceedings. In addition, defendant does not argue that its position was substantially justified or that there are any special circumstances making an award of attorney's fees unjust.

20

21

22

23

Defendant asserts, however, that the amount of attorney fees requested is unreasonable. Before granting attorney fees under the EALJA, the Court must determine whether those fees are "reasonable." *Jean*, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A). The test used to determine what

24

25

26

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

ORDER - 2

fees are reasonable was set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing *Jean*, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, court's task of determining what fee is reasonable is essentially same as that described in *Hensley*)); *see also Haworth v. State of Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." *Id.* Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Defendant argues plaintiff's fee request is unreasonable because it includes excessive time billed for preparing the opening brief. Specifically, defendant notes plaintiff's attorneys spent a total of 31.1hours reviewing the record and drafting the opening brief. Dkt. 20 (citing Dkt. 19-3, pp. 1-2). Defendant asserts that because the work done by plaintiff's attorneys on the opening brief was "excessive, redundant, and unnecessary," a 35% reduction in the amount of attorney fees requested is warranted. Dkt. 20, p. 5.

Defendant offers two bases for reducing plaintiff's attorney fees. First, defendant asserts

ORDER - 3

1  the "duplicative effort" of plaintiff's attorneys "resulted in a brief that unnecessarily recited

2  Plaintiff's testimony and the medical evidence without raising any specific substantive legal

3  errors or argument." Dkt. 20, pp. 2-3. Defendant points to instances of "extended recitation" of

4  that evidence and testimony, which she argues "is contrary to the Court's explicit warning, as set

5  out in the Scheduling Order, against lengthy recitation of the evidence that is unrelated to the

6  specific errors alleged." *Id.* at p. 3. In addition, defendant argues the amount of time expended on

7  the opening brief "is unreasonable because it exceeds the time expended on most opening briefs

8  for Social Security cases in this District." *Id.* at p. 4.

9        As to the assertion that the use of extended recitation of evidence and testimony in the

10  opening brief is contrary to the Court's Scheduling Order language, the Court notes that Order

11  does state that "Plaintiff shall not include a lengthy recitation of background facts or medical

12  evidence," but only with respect to the section of the brief "provid[ing] a brief summary of the

13  relevant procedural history of the case." Dkt. 10, p. 2. The Scheduling Order goes on to state that

14  "[d]iscussion of the relevant facts must be presented in the argument section in the context of the

15  specific errors alleged." *Id.* It further states that "[s]subsequent sections of the opening brief must

16  fully explain each issue raised in the assignments of error and must include citations to the

17  specific pages of the administrative record and the relevant legal authority that support each

18  argument and request for relief." *Id.*

19        The Scheduling Order thus prohibits lengthy recitation of evidence and testimony in the

20  brief summary of the relevant procedural history section of the opening brief, but it imposes no

21  such limitation with respect to the argument sections of the brief themselves. It is only in those

22  argument sections that the lengthy recitation of evidence and testimony that defendant complains

23  of occur. Dkt. 11. Nor does the Scheduling Order place any restrictions, other than those set forth

ORDER - 4

above, on how the opening brief's argument sections are to be organized or the extent or manner in which the evidence and testimony in the record is to be addressed therein. As such, the manner in which plaintiff drafted her opening brief is not contrary to the Scheduling Order.

In addition, while defendant may believe that plaintiff's attorneys unnecessarily recited the evidence and testimony in the record without raising any specific substantive legal errors or argument, the fact is that each of the opening brief's argument sections do raise substantive legal errors and argument. *Id.* While not all of those sections may have been as specifically argued as they could have been, the Scheduling Order does not define what it means to "fully explain each issue" (Dkt. 10, p. 2), and therefore the Court also finds this is an insufficient bases upon which to reduce an award of attorney fees.

As to the issue of duplicative effort, it is not exactly clear that unnecessary duplication of effort occurred here, as opposed to the amount of time spent on the opening brief simply being excessive. Even if there was some duplication of effort by plaintiff's attorneys, as the Ninth Circuit has recognized, "'the vicissitudes of the litigation process,' will require lawyers to duplicate tasks," and "[f]indings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects *some* degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free.") (emphasis in the original)). The Court thus declines to reduce plaintiff's attorney fees on this basis as well.

With respect to reducing attorney fees based on the amount of time plaintiff's attorneys spent on the opening brief compared to that spent in other cases, "[d]istrict judges can certainly

ORDER - 5

1    consider the fees awarded by other judges in the same locality in similar cases." *Costa*, 690 F.3d

2    at 1136 (quoting *Moreno*, 534 F.3d at 1115). On the other hand, it is "an abuse of discretion to

3    apply a de facto policy limiting social security claimants" to a set range of hours performed or

4    level of fees requested. *Id.* As the Ninth Circuit went on to explain:

5
6    Indeed, we question the usefulness of reviewing the amount of time spent in
     other cases to decide how much time an attorney could reasonably spend on
6    the particular case before the court. Surveying the hourly rates awarded to
     attorneys of comparable experience and skill is a useful tool for assessing the
7    reasonableness of a requested hourly rate because lawyers bill at the same
     rates in different cases. But it is far less useful for assessing how much time an
8    attorney can reasonably spend on a specific case because that determination
     will always depend on case-specific factors including, among others, the
9    complexity of the legal issues, the procedural history, the size of the record,
     and when counsel was retained.
10

11

12   *Id.* The mere fact, therefore, that plaintiff's attorneys in this case may have spent more hours on

13   the opening brief than in other cases in this District is not dispositive, and thus the Court declines

14   to reduce plaintiff's attorney fees on this basis alone.

15          That being said, the Court does find the amount of time plaintiff's attorneys spent on the

16   opening brief was excessive and should be reduced accordingly. As just noted, the determination

17   as to which hours were reasonably expended "must be made in the context of the specific case."

18

19   *Bunn v. Bowen*, 637 F.Supp. 464, 469-70 (E.D.N.C. 1986). That depends on a number of factors,

20   including the complexity of case, the number of reasonable strategies pursued, and the responses

21   necessitated by opponent's tactics. *Id.* Another factor to consider is "the expertise of plaintiff's

22   counsel" in the area of Social Security disability cases. *Patterson v. Apfel*, 99 F.Supp.2d 1212,

23   1213 (C.D. Cal. 2000); *Bunn*, 637 F.Supp. at 470. In addition, the Court "must 'weigh the hours

24   claimed against [its] own knowledge, experience, and expertise of the time required to complete

25   similar activities.'" *Id.*

26

ORDER - 6

In this case, the record although not the shortest the Court has seen, is not the longest one either. Nor were the issues in this case especially complex. No novel strategies were employed, and although as plaintiff points out defendant did request and receive permission to file a brief in excess of the page limit "to respond adequately to . . . the extensive number of issues listed in Plaintiff's opening brief" (Dkt. 12, pp. 1-2), that fact alone does not establish that the issues themselves were especially complex. As Eitan Yanich acknowledges, furthermore, both he and his brother have had extensive experience handling cases in the area of Social Security disability, including having worked together in drafting over 150 Social Security briefs. Dkt. 23-1, pp. 1-2. In light of the above factors, and its own knowledge, experience, and expertise in this area – and taking into consideration the range of hours that have been requested for time spent on opening briefs in other cases in this District[2] – the Court finds that a reduction of hours from 31.1 to 25.1, resulting in a reduction of $1,150.20 (6 x $191.70) in attorney fees, for time spent on the opening brief by plaintiff's attorneys is warranted.

For all of the foregoing reasons the Court finds that plaintiff's motion for attorney fees, and expenses under the EAJA (*see* Dkt. 19) should be granted subject to the reduction in hours requested noted above. Accordingly, the Court hereby orders as follows:

(1) Plaintiff is granted attorney fees in the amount of $7,833.74[3] and expenses in the amount of $5.70.

---

[2] *See Stearns v. Colvin*, No. 3:14-CV-05611-JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (listing cases in which the number of hours claimed ranges from as few as seven to over 25).

[3] This includes an additional 2.6 hours spent on work related to plaintiff's attorney fees motion reply brief. Dkt. 23, p. 6; Dkt. 23-1, p. 5; *Jean*, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")). As plaintiff has largely

ORDER - 7

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's attorney Eitan Kassel Yanich at his address: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

DATED this 18th day of October, 2016.


Karen L. Strombom
United States Magistrate Judge

---

prevailed in her request for attorney fees, the Court declines to deny the fees she is entitled to under *Jean* in relation to her fees motion. *See* Dkt. 20, p. 5.

ORDER - 8